IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DASHAWN JAMISON,
    Plaintiff,
  v.
JEFFREY A. BEARD, PENNSYLVANIA
DEPARTMENT OF CORRECTIONS,
et al.,
    Defendants

Case No. 3:11-cv-98-KRG-KAP

Order, Report and Recommendation

Order and Recommendation

Pending is defendants' motion to dismiss, docket no. 54. It should be granted in part. Plaintiff's motions for various miscellaneous relief in his dealings with the corrections officers at his current place of confinement, see docket no. 16, docket no. 17, docket no. 58, are denied without prejudice to filing any appropriate complaint in the Middle District. As far as this matter is concerned, none of plaintiff's motions (however styled) show any impairment of plaintiff's ability to convey the facts supporting his claim to the court, and plaintiff's desires to have extra boxes of paper in his cell or to receive all at once copies of the cases cited in defendants' brief do not constitute legal rights. Plaintiff's motion at docket no. 18 is denied as moot; plaintiff's motion at docket no. 56 is denied as moot. Plaintiff's Request for Records, docket no. 60, is not docketed as a motion but is one; it is denied. If plaintiff wants copies of the records from the Clerk he can request them and pay the appropriate copy fee.

Report

Jamison, when he was incarcerated at S.C.I. Houtzdale, filed a complaint against many employees or former employees of the Pennsylvania Department of Corrections. I screened the complaint under 28 U.S.C.§ 1915A and recommended that most of the complaint be dismissed for failure to state a federal claim on which relief can be granted, see 28 U.S.C.§ 1915(e)(2)(B), but in accordance with Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), gave Jamison leave to amend his complaint. Jamison's amended complaint was only a slight improvement on the original, and pending adoption or rejection of my Report and Recommendation I ordered service only on three defendants regarding one claim, that on June 9, 2009, corrections officers Martin (Mottin), Crytzer and Rambean used excessive force on Jamison, causing him pain and minor injury. docket no. 12

For some reason, the Marshal served all the persons named as defendants by Jamison; the Attorney General appeared and filed a motion to dismiss on behalf of them all. Jamison has in response filed various motions, disposed of above, alleging that the corrections officers in his current prison are interfering with his access to court.

As I said before, the amended complaint adequately states a claim that defendant Mottin ordered, and defendants Crytzer and

Rambean used, excessive force against Jamison on June 9, 2009. Otherwise the amended complaint should be dismissed.

Pending acceptance or rejection of my recommendation, the following pretrial schedule is ordered:

1. The remaining defendants' answer shall be filed on or before March 30, 2012. Any motion shall be filed with a memorandum in support and responded to by the opposing party within twenty days, with the exception of discovery motions. Discovery motions may be supported by a letter brief no more than two pages in length and opposed by a letter brief no more than two pages long filed within five days thereafter. Absent order to the contrary, the filing of discovery motions shall not stay discovery or extend the time for the filing of pretrial statements.

2. Discovery shall be propounded on or before June 30, 2012, and completed by July 30, 2012.

3. Motions for summary judgment shall be filed on or before August 17, 2012.

4. Pretrial statements shall be filed after the motions for summary judgment are decided.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: March 6, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Dashawn Jamison GW-6262
S.C.I. Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200