IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DASHAWN JAMISON,                      :
                    Plaintiff,        :
          v.                          : Case No. 3:11-cv-98-KRG-KAP
JEFFREY A. BEARD, PENNSYLVANIA :
DEPARTMENT OF CORRECTIONS,   :
et al.,                               :
                    Defendants  :

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and Local Rule 72 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on March 7, 2012, docket no. 61, recommending that defendants' motion to dismiss, docket no. 54, be granted, except for an excessive use of force claim against three defendants.

The parties were notified that, pursuant to 28 U.S.C.§ 636(b)(1), they had fourteen days to serve and file written objections to the Report and Recommendation. Plaintiff filed timely objections, docket no. 62 and 63, that are meritless.  Under Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490

F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Plaintiff offers, with the exception of the incident noted by the Magistrate Judge, no allegations of fact stating a plausible claim for relief.   Further amendment of the complaint is denied as futile for the reasons previously discussed in the Magistrate Judge's original Order, Report and Recommendation (Doc. No. 3).

After de novo review of the record, the Report and Recommendation, and the timely objections thereto, the following order is entered:

AND NOW, this 17th day of April, 2012, it is

ORDERED that defendants' motion to dismiss, docket no. 54, is granted in part and denied in part.  Plaintiff's complaint is dismissed without leave to amend as to all claims and defendants except for the claim that on June 9, 2009, defendants Mottin, Crytzer, and Rambean used excessive force.  The Report and Recommendation is adopted as the opinion of the Court.  The matter remains with the Magistrate Judge for pretrial proceedings.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to counsel of record by ECF and by U.S. Mail to:
Dashawn Jamison GW-6262
S.C.I. Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200